IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LANCE MARIO KENNEDY,
    Plaintiff,

vs.                               Case No.:  3:11cv561/MCR/EMT

SANTA ROSA CORRECTIONAL INSTITUTION,
    Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

        This cause is before the court upon referral from the clerk.  Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1).  Leave to proceed in forma pauperis has been granted (doc. 5).  On March 15, 2012, Plaintiff filed a "Motion to Dismiss Civil Lawsuit" (doc. 23).  He also filed a "Motion to Dismiss the Remainder Fee . . .," in which he requested a refund of funds he had paid toward the filing fee and "dismissal" of the remaining amount due on the filing fee (doc. 22).  The court issued an order advising Plaintiff that refund of the amount paid toward the filing fee and waiver of the remaining amount due was not available (doc. 24).  In light of this advisement, the court provided Plaintiff an opportunity to withdraw his motion to dismiss (*id.*).  The court set a deadline of fourteen (14) days from March 19, 2012, for Plaintiff to file a motion to withdraw his motion to dismiss and advised Plaintiff that if he did not file a motion to withdraw within that time, his motion for voluntary dismissal would be granted (*id.*).  The fourteen-day deadline has now passed with no response from Plaintiff.

        Rule 41(a)(1)(A)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or files a motion for summary judgment.  Because Defendant has not yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

However, the court may not grant Plaintiff's request that he be relieved of payment of the filing fee in this case.  As previously noted, Plaintiff filed a motion to proceed in forma pauperis, which the court granted (*see* docs. 2, 5).  Plaintiff paid $5.00 toward the filing fee (*see* doc. 17). Federal law requires that notwithstanding a prisoner's in forma pauperis status, if he brings a civil action and is permitted to proceed in forma pauperis, he is required to pay the full amount of the filing fee.  28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his inmate account, each time the amount in his account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).  Federal law does not authorize the court to waive this requirement.  Therefore, Plaintiff will be required to pay the remainder of the filing fee despite his voluntary dismissal of this action.

Accordingly, it is **ORDERED**:

Plaintiff's "Motion to Dismiss the Remainder Fee . . ." (doc. 22) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's Motion to Dismiss Civil Lawsuit (doc. 23) be **GRANTED** and this case be **DISMISSED without prejudice**.

At Pensacola, Florida, this 16th day of April 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  3:11cv561/MCR/EMT